BLD-284                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1389

_____

RALPH BAKER,
                                    Appellant

v.

ABU AHSAN, M.D.; IHUMMA NAACHUKU, Medical Doctor; MICHAEL PIECUCH,
MD; DR. RUSSELL FEIRD, Urologist St. Francis; STEVEN JOHNSON, Administrator;
ST. FRANCIS MEDICAL CENTER UNIVERSITY HOSPITAL CORRECTIONAL
MEDICAL SERVICES; RUTGERS UNIVERSITY; BARMAN VLADISLAV, Medical
resident at the University Hospital in Newark, New Jersey; MARCI L. MARSKER,
Clinical Administrator at the University of Medicine and Dentistry of New Jersey
("UMDNJ"); KATHY TRILLO, employee of UMDNJ; NEW JERSEY DEPARTMENT
OF CORRECTIONS, NJDOC; GARY M. LANIGAN, Commissioner of NJDOC;
JEREMY BURG, A nurse employed by Rutgers; LACE CARTER, A nurse employed by
Rutgers; CORRECTIONAL MEDICAL SERVICES, CMS, a provider of inmate
healthcare for the NJSP; ALEJANDRINA SUMICAD, Employee of UMDNJ; SUSAN
SPANGLER, Employee of UMDNJ; VLADISLAV BARGMAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-14-cv-07583)
District Judge: Honorable Peter G. Sheridan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 19, 2019

Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed:  October 2, 2019)

OPINION[*]

PER CURIAM

Ralph Baker appeals the dismissal of his suit for failure to state a claim. Because this case does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Baker filed his complaint and an application to proceed in forma pauperis ("IFP") in December 2014. The District Court rejected Baker's first two attempts to submit a complaint. Baker filed a third amended complaint ("TAC") in April 2017. Baker alleged that the eighteen named defendants failed to timely diagnose and treat him for a variety of ailments, including prostate cancer, while he was incarcerated. The District Court granted Baker's IFP motion, but partially dismissed several claims and defendants from the action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). See Dkt. #49. The case moved forward as to the other defendants and claims. Subsequently, defendants Dr. Vladislav Bargman and St. Francis Medical Center, Inc. ("St. Francis") filed motions to dismiss for failure to state a claim.[1] See Dkt. #66, #77; Fed. R. Civ. P. 12(b)(6). Both Dr. Bargman and St. Francis generally argued that Baker's TAC was confusing,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] St. Francis also moved to dismiss for lack of subject matter jurisdiction and insufficient service of process. See Fed. R. Civ. P. 12(b)(1) and (5).

unintelligible, and generally hard to decipher—making it impossible to discern what claims were alleged against them. The District Court granted Dr. Bargman's motion without prejudice on May 21, 2018. See Dkt. #80. The District Court gave Baker leave to file a fifth amended complaint[2] within thirty days of its order, but Baker failed to do so. Baker filed a motion for injunctive relief. Dkt. #91. After oral arguments were held, Dr. Bargman filed a motion to dismiss with prejudice. Dkt. #98.

The District Court ultimately granted St. Francis's and Dr. Bargman's motions to dismiss, while denying Baker's motion for injunctive relief. The District Court noted that it had dismissed the federal claims against St. Francis in its previous order (Dkt. #49), and held that "the complaint is too rambling and incoherent to plausibly infer a state tort claim against the hospital even under the most lenient of pleading standards." Dkt. #100 at 6. The court noted that Baker had been given numerous opportunities to submit a coherent complaint and held that granting further opportunity to amend would be futile. Similarly, the District Court dismissed the claims against Dr. Bargman for Baker's failure to file a fifth amended complaint, noting that Baker had provided no reason for failing to comply with its previous order (Dkt. #80) that had directed him to do so. Finally, the District Court reasoned that because it was dismissing Baker's complaint for failure to state a claim, it followed that his motion for injunctive relief should be dismissed, as he had not shown a likelihood of success on the merits. Baker timely appealed.

We have jurisdiction to review the District Court's judgment pursuant to 28

---

[2] Baker filed a fourth amended complaint on May 5, 2017, but it was stricken by order entered on May 26, 2017. Dkt. #46.

3

U.S.C. § 1291. We review de novo the District Court's grant of the motions to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "We review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted).

"[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id. Although pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," pro se litigants are still required to assert sufficient facts in their complaints to support a claim. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Upon our review of the TAC, we come to the same conclusion as the District Court. Quite simply, Baker's TAC consists of vague allegations of wrongdoing that are insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that, while the pleading standard of Rule 8 does not require detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint is insufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement'" (quoting Twombly, 550 U.S. at 555, 557)). Indeed, the TAC does not sufficiently inform St. Francis or Dr. Bargman of the claims leveled against them,

4

such that they could mount an appropriate defense.  See generally McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir.1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  The District Court generously construed Baker's pleadings and made every reasonable inference it could, despite the incoherent and rambling nature of the TAC.  Given the circumstances of this case—including the fact that Baker was given multiple opportunities to amend his complaint and failed to submit a fifth amended complaint when directed to do so—the District Court did not err in holding further amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).  Consequently, we agree with the District Court that denial of Baker's motion for injunctive relief was warranted, as he failed to show a reasonable probability of success on the merits.  See Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017).  For all of the foregoing reasons, we will summarily affirm.